1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
GABRIEL MORALES ANCHONDO,                    1:08-cv-00813 AWI SMS HC

10
                              Petitioner,     FINDINGS AND RECOMMENDATION
                                              REGARDING RESPONDENT'S MOTION TO
11           v.                               DISMISS

12                                            [Doc. 12]
         A. HEDGPETH, Warden,
13
                              Respondent.
14      _____/

15

16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17  pursuant to 28 U.S.C. § 2254.

                                      BACKGROUND
18
19          On November 23, 2004, Petitioner was sentenced to state prison for life without the

20  possibility of parole.

21          On November 21, 2006, the California Court of Appeal affirmed the judgment.  (Lodged

    Doc. No. 4.)
22
23          On February 7, 2007, the California Supreme Court denied the petition for review.

    (Lodged Doc. No. 6.)
24
25          Petitioner did not file any post-conviction collateral petitions in the state courts.

26          Petitioner filed the instant petition for writ of habeas corpus on June 9, 2008 (date of

27
28

                                            1

1  service).[1]

2      Respondent filed the instant motion to dismiss on August 29, 2008.  (Court Doc. 12.)

3  Petitioner did not file an opposition.

4                                    DISCUSSION

5  A.    Procedural Grounds for Motion to Dismiss

6      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

7  petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

8  entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

9      The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer

10 if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of

11 the state's procedural rules. See e.g. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)

12 (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White

13 v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review

14 motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12

15 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a

16 response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F.

17 Supp. at 1194 & n. 12.

18     In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C.

19 2244(d)(1)'s one-year limitations period.  Therefore, the Court will review Respondent's motion

20 to dismiss pursuant to its authority under Rule 4.

21 B.    Limitation Period for Filing a Petition for Writ of Habeas Corpus

22     On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

23 of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

24 corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,

25

26     [1] See Rule 3(d) of the Federal Rules Governing Section 2254 Cases; See Houston v. Lack, 487 U.S. 266
27 (1988) (deeming a pro se prisoner's notice of appeal filed at the moment it was delivered to prison authorities for
   forwarding to the clerk of court).  The Ninth Circuit Court of Appeals held in Saffold v. Newland, 250 F.3d 1282,
28 1288-89 (9th Cir. 2000 amended May 23, 2001) that the "mailbox" rule as provided for in Houston also applies to
   state and federal petitions with respect to calculating the statute of limitations under the AEDPA.

2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on June 9, 2008, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  In this case, the petition for review was denied by the California Supreme Court on February 7, 2007.[2]  Thus, direct review would conclude on May 8, 2007, when the ninety (90) day period for seeking review in the United States Supreme Court expired.[3]  <u>Barefoot v. Estelle</u>, 463 U.S. 880, 887 (1983); <u>Bowen v. Roe</u>, 188 F.3d 1157, 1159 (9th Cir.1999) (concluding period of "direct review" includes the period within which one can file a petition for a writ of certiorari in the United States Supreme Court); <u>Smith v. Bowersox</u>, 159 F.3d 345, 347

---

[2]Cal. R. Ct. 8.532(b)(2) providing that an order of the Supreme Court denying a petition for review of a decision of a Court of Appeal becomes final when it is filed.

[3]<u>See</u> U.S. Sup.Ct. R. 13(1)

1  (8th Cir.1998).  Petitioner would have one year from May 8, 2007, absent applicable tolling, in

2  which to file his federal petition for writ of habeas corpus.  See Patterson v. Stewart, 251 F.3d

3  1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure

4  governs the calculation of statutory tolling applicable to the one year limitations period.)

5  D.   Equitable Tolling

6       The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1)

7  that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

8  stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department

9  of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541

10  (9th Cir. 1998), citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), cert

11  denied, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to

12  tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac.

13  Enters., 5 F.3d 391, 395 (9th Cir.1993).

14       Petitioner attaches a declaration to his petition in which he attempts to explain the reasons

15  for his delay in filing the instant petition.  Petitioner cites his illiteracy, lack of proficiency in the

16  English language, lack of legal knowledge, and lack of library access, as the main reasons for the

17  delay.  (See Petition, attached Motion and Declaration, at 1-2.)

18       Initially, Petitioner's claims of ignorance of the law and illiteracy are insufficient to

19  justify equitable tolling. See e.g. Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909

20  (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but

21  insufficient to establish cause); Kibler v. Walters, 220 F.3d 1151, 1153 (9th Cir. 2000) (lack of

22  knowledge of state law not cause); see also Marsh v. Soares, 223 F.2d 1217, 1220 (10th Cir.

23  2000); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th

24  Cir.1991).  Likewise, Petitioner's lack of legal knowledge is also insufficient to justify equitable

25  tolling.  Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (A petitioner's lack of legal

26  sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.)

27       With regard to Petitioner's claim that his lack of proficiency in the English language was

28  a barrier to the filing of a timely petition, his allegation fails to rise to the level of entitlement to

4

equitable tolling.  A petitioner's language barrier does not justify equitable tolling unless it actually prevented the timely filing.  See Mendoza v. Carey, 449 F.3d 1065, 1069 (9th Cir. 2006) ("[A] non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source [fn]."); see also Diaz v. Kelly, 515 F.3d 149, 154 (2d Cir. 2008).

It was incumbent upon Petitioner to exercise due diligence in attempting to pursue relief, despite his lack of proficiency in the English language.  Petitioner states that he is illiterate and speaks only broken English and must rely on other inmates for translation and assistance. Petitioner submits a declaration by a fellow inmate who merely reiterates Petitioner's vague and conclusory allegations, with no supporting factual specificity.  However, beyond the submission of the single declaration from a fellow inmate, Petitioner simply does not allege with any specificity what actions he pursued to diligently file his petition during the running of the one-year limitation period.  Petitioner's conclusory assertion that he attempted to seek assistance simply fails to provide the specificity required for equitable tolling.  See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (finding that conclusory allegations are insufficient to establish equitable tolling); see also Roberts v. Cockrell, 319 F.3d 690, 695 (5th Cir. 2003) (same). Accordingly, the Court cannot find that Petitioner's language barrier prevented him from filing a timely petition.

Lastly, lack of access to the library does not automatically justify a basis for equitable tolling.  See Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001).  In general, unpredictable lockdowns and library closures do not constitute extraordinary circumstances warranting equitable tolling where the petitioner fails to make a showing how the lockdowns and library restrictions interfered with the year available to him. See United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D. Cal.1997) (inability to secure copies of transcripts from court reporters and lockdowns at prison lasting several days and allegedly eliminating access to law library were not extraordinary circumstances and did not equitably toll one-year statute of limitations); Atkins

1   v. Harris, 1999 WL 13719, *2 (N.D. Cal. Jan.7, 1999) ("lockdowns, restricted library access and

2   transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA]

3   statute of limitations.  Prisoners familiar with the routine restrictions of prison life must take such

4   matters into account when calculating when to file a federal [habeas] petition.... Petitioner's

5   alleged lack of legal sophistication also does not excuse the delay.").  Further, the Constitution

6   does not guarantee unlimited access to the law library and an inmate having to wait for his or her

7   turn is not denied access to the courts.  Lindquist v. Idaho Board of Corrections, 776 F.2d 851,

8   858 (9th Cir. 1985); Miller v. New Jersey State Department of Corrections, 145 F.3d 616, 618-

9   619 (3d Cir. 1998); Miller v. Marr, 141 F.3d at 978.

10         Although Petitioner submits documentation which demonstrates that the facility was

11   operating on a modified program during the last week of January 2008, and the months of March

12   through the first week of June 2008, Petitioner has not demonstrated any connection to his

13   apparent lack of or limited access to the law library and his inability to file a timely petition.  Nor

14   has Petitioner made any showing that he was attempting to diligently pursue his rights, i.e. by

15   requesting to utilize the law library as a general library user ("GLU").  Petitioner has not alleged

16   that he sought and was denied access to the law library or legal materials, and he fails to explain

17   why he could not timely comply during the times not effected by the lockdowns or closures.  See

18   Scott v. Pliler, 2001 WL 1006824 *2 (N.D. Cal. Aug. 17, 2001).  Petitioner has simply failed to

19   demonstrate with any specificity, the actions he took in attempting to file a timely federal

20   petition.  Indeed, Petitioner has presented nothing more than conclusory allegations, which are

21   insufficient to demonstrate equitable tolling.  Accordingly, because Petitioner bears the burden of

22   proof of entitlement to equitable tolling and he has failed to meet his burden, the instant petition

23   is untimely.  Pace v. DiGuglielmo, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809, 814 (9th Cir.

24   2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993).

25                           RECOMMENDATION

26         Based on the foregoing, it is HEREBY RECOMMENDED that:

27       1.  Respondent's motion to dismiss the instant petition as time-barred be GRANTED;

28           and,

1    2.   The Clerk of Court be directed to dismiss this action, with prejudice.

2    This Findings and Recommendation is submitted to the assigned United States District

3  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of

4  the Local Rules of Practice for the United States District Court, Eastern District of California.

5  Within thirty (30) days after being served with a copy, any party may file written objections with

6  the court and serve a copy on all parties.  Such a document should be captioned "Objections to

7  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served

8  and filed within ten (10) court days (plus three days if served by mail) after service of the

9  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

10 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time

11 may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th

12 Cir. 1991).

13 IT IS SO ORDERED.

14 **Dated:    October 10, 2008**            **/s/ Sandra M. Snyder**
                                           UNITED STATES MAGISTRATE JUDGE

7